In the Matter of the Mental Commitment of Timothy TARPLEY, Appellant (Respondent Below).

No. 49S02–9112–CV–956.

Supreme Court of Indiana.

Dec. 5, 1991.

Kenneth J. Falk, Lisa Hayes, Legal Services Organization of Indiana, Inc., Indianapolis, for appellant.

J. Michael Grubbs, Locke Reynolds Boyd & Weisell, Indianapolis, for appellee.

## ON PETITION TO TRANSFER

KRAHULIK, Justice.

We accept transfer in this case for the limited purpose of determining whether a mental patient, involuntarily committed as an out-patient, may be held in contempt of court for refusing court-ordered medication. We hold that contempt is not an appropriate procedure in this setting.

Respondent-appellant Timothy Tarpley is a 33–year–old man with a history of dangerous behavior due to chronic paranoid schizophrenia. On January 8, 1987, Tarpley was determined to be gravely disabled and was committed as an out-patient to Midtown Community Health Center ("Midtown") by a Marion County Municipal Court. His commitment as an out-patient was premised on several conditions, including a requirement that he take all medications as prescribed. The record demonstrates that when Tarpley took such medication on a regular basis, he was able to hold a regular job, maintain his apartment, and further his education.

In the months preceding December 28, 1989, however, Tarpley refused to take his medication and began decompensating to the point where he was no longer able to function at work and presented a danger to himself and others. The court, having had Tarpley before it on numerous occasions for similar refusals, set a hearing date for possible contempt. This hearing was conducted on December 28, 1989.

The evidence produced at the hearing demonstrated that the least restrictive treatment for Tarpley would be to continue to allow him to function as an out-patient while requiring him to go to the Midtown Clinic every four weeks to receive the necessary medication. The court specifically found that the only alternative to this was to commit Tarpley to Midtown as an inpatient. For these reasons, the court directly ordered Tarpley to take medication or be held in contempt for refusing to comply with this order.

Tarpley told his counsel and counsel for Midtown that he would not comply with the order. The parties immediately reappeared and informed the court of Tarpley's decision. Tarpley told the court that "medicine is out, and seeing that I have not disobeyed court orders to appear here are [sic] anything and you're sending me to jail for not taking medication...." Tarpley's attorney informed the court that he believed that Tarpley understood the consequences of his decision and believed that Tarpley's decision was knowing and voluntary. At this

point, the court found Tarpley in contempt and ordered that he go to jail and remain there until he purged himself of contempt by agreeing to take his medication. Tarpley remained in jail from December 28, 1989, to January 25, 1990.

Tarpley, on appeal, contended that under *In Re Mental Commitment of M.P.* (1987), Ind., 510 N.E.2d 645, the trial court only had the authority to allow Midtown to forceably medicate, but did not have authority to require Tarpley to take the medication or suffer contempt imprisonment for his refusal. The Court of Appeals rejected this contention and affirmed the trial court's actions. *Matter of Tarpley* (1991), Ind.App., 566 N.E.2d 71. We grant transfer and hold that the trial court did not have the authority either to order Tarpley to take medication as an outpatient or to hold him in contempt for refusing.

Our analysis of the issue begins with this Court's statement in *Commitment of M.P.* that a patient "has a liberty interest in remaining free of unwarranted intrusions into his physical person and his mind while within an institution." (1987), Ind., 510 N.E.2d 645, 646. In that opinion, this Court further discussed what must be proven in order to override a patient's constitutional and statutory right to refuse treatment. This Court held that with the requisite evidence, however, the trial court could sanction the institution's forced medication of a mental patient. It did not, however, hold that the court could directly order an out-patient to submit to forceable medication.

To answer whether a court can order medication for an out-patient, we refer to Ind.Code § 16–14–9.1–20.5. That statute provides that the court must determine that the individual meets four criteria. They are that the individual is:

(1) mentally ill and is dangerous or gravely disabled, and

(2) likely to respond to a therapy program as an out-patient, and

(3) not likely to be dangerous or gravely disabled if the individual complies with the therapy program, and

(4) likely to comply with the therapy program.

If the court finds all four criteria are met, the court may order the individual to enter a therapy program as an out-patient in lieu of being committed as an in-patient. Here, the evidence was overwhelming that criteria number four was not met in that Tarpley was not likely to comply with the therapy program. Therefore, pursuant to the statute, Tarpley did not qualify to be committed as an out-patient.

That same statute provides that if the court receives notification that the committed out-patient has failed to comply with the out-patient therapy program, the court shall re-open the commitment proceeding and determine whether the patient is still mentally ill and is dangerous or gravely disabled and, if so, whether the patient has failed to comply with the requirements of the out-patient therapy program. If both findings are affirmative, the statute requires that "the individual shall be committed to an appropriate facility in accordance with this chapter." It is clear that the statute provides for precisely the situation presented by Tarpley's refusal to comply with the court's ordered out-patient therapy program.

Instead of holding a mentally-ill patient in contempt of court for failing to comply with the court's order requiring out-patient medication, the proper procedure would have been to revoke the out-patient determination and commit the patient to an appropriate facility as an in-patient. Placing a mentally-ill person in jail for contempt of a court order, as opposed to commiting such person to a mental institution where his medical needs would be properly monitored, was contrary to the statute. The procedure followed by the Marion Municipal Court was inappropriate and, therefore, erroneous.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.